IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENYON ENERGY, LLC; CLAY M. BIDDINGER, | ) CIV. NO. 22-00534 HG-RT ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| EXYTE ENERGY, INC., | ) ) |
| Defendant. | ) ) ) |

**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED**

Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger filed a Complaint in this Court for declaratory and injunctive relief. The Complaint was filed against Defendant Exyte Energy, Inc.

Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger allege the Court has subject-matter jurisdiction over the matter pursuant to diversity jurisdiction, 28 U.S.C. § 1332.

In their Complaint, Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger state that in November 2022, Defendant Exyte Energy, Inc., formerly known as Gehricher Solar America Corp., initiated an arbitration proceeding with Dispute Prevention & Resolution Inc., in Honolulu, Hawaii.

Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger assert that the arbitration proceeding arose from a contract that Defendant Exyte Energy, Inc. entered into with SSA Solar of HI 2,

1

LLC and SSA Solar of HI 3, LLC, as signatories.

Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger assert that Defendant Exyte Energy, Inc. initiated the arbitration against numerous entities who did not sign the contract, including Plaintiff Kenyon Energy LLC, Plaintiff Clay M. Biddinger, individually, and two other entities: Sun Financial, LLC; and Bay4 Energy Services, LLC.

Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger seek a declaratory judgment and an injunction from this Court ordering that Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger, individually, are not subject to the arbitration proceeding initiated by Defendant Exyte Energy, Inc.

The Court requested multiple rounds of briefing on subject-matter jurisdiction consistent with Federal Rule of Civil Procedure 19 concerning whether Sun Financial, LLC; Bay4 Energy Services, LLC; SSA Solar of HI 2, LLC; and SSA Solar of HI 3, LLC are necessary parties to the case.

Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger, despite three opportunities, have failed to properly respond in sufficient detail to establish that the Court has subject-matter jurisdiction over the action.

Plaintiffs are **ORDERED TO SHOW CAUSE** why the case should not be dismissed for lack of subject-matter jurisdiction and failure to comply with Court orders.

**PROCEDURAL HISTORY**

On December 23, 2022, Plaintiffs Kenyon Energy and Clay Biddinger filed the Complaint. (ECF No. 1).

On June 14, 2024, Defendant Exyte Energy filed its MOTION TO COMPEL ARBITRATION and CONCISE STATEMENT OF FACTS. (ECF Nos. 69, 68).

On the same date, Plaintiffs Kenyon Energy and Clay Biddinger filed their MOTION FOR SUMMARY JUDGEMENT and CONCISE STATEMENT OF FACTS. (ECF Nos. 70, 71).

On September 19, 2024, the Court held a hearing and denied both of the Parties' Motions. (ECF No. 105).

On October 1, 2024, the Court issued an ORDER CONCERNING SUBJECT-MATTER JURISDICTION AND DENYING PLAINTIFFS KENYON ENERGY, LLC AND CLAY M. BIDDINGER'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT EXYTE ENERGY, INC.'S MOTION TO COMPEL ARBITRATION (ECF No. 106). The Court ordered additional briefing as to subject-matter jurisdiction and the application of Fed. R. Civ. P. 19. (Id.)

On October 10, 2024, Plaintiffs submitted a request for extension of the briefing schedule in response to the Court's Order. (ECF No. 107).

On the same date, Defendant Exyte Energy, Inc. filed a letter requesting clarification of the Minutes and Order from the Court. (ECF No. 108).

On October 11, 2024, the Court granted the Plaintiffs' request for a continuance of the briefing schedule and responded to Defendant's clarification request. (ECF No. 109).

On November 1, 2024, the Parties filed their Responses to the Court's October 1, 2024 Order. (ECF Nos. 110, 111).

On November 22, 2024, the Court issued another Minute Order requesting additional briefing. (ECF No. 112). The Court ordered Plaintiffs to respond to Defendant's arguments regarding Fed. R. Civ. P. 19 and to address the necessity of joining additional parties based on the allegations in the Complaint for injunctive relief against any party proceeding in the pending arbitration. (Id.)

On January 6, 2025, Defendant Exyte Energy, Inc. filed its Response. (ECF No. 113).

Also on January 6, 2025, Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger filed their Response. (ECF No. 114).

On February 14, 2025, the Court issued another Minute Order, because once again, neither Party properly addressed the Fed. R. Civ. P. 19 standard in their January 6, 2025 briefings to the Court. (ECF No. 117).

The Court ordered the Parties to brief Plaintiffs' relationship with the parties whose joinder may be necessary to the litigation: Sun Financial, LLC; Bay4 Energy Services, LLC; SSA Solar of HI 2, LLC; and SSA Solar of HI 3, LLC. (ECF No.

117).

The Court also ordered the Parties to brief the organizational structure of the potentially necessary parties to be joined, including the citizenship of the members of the LLCs at the time the lawsuit was filed and any successor entities to the parties. (Id.)

On May 17, 2025, Plaintiffs filed their Response. (ECF No. 119).

On April 17, 2025, Defendant filed its Response. (ECF No. 122).

## **ANALYSIS**

### I.   Federal Courts Are Courts Of Limited Jurisdiction

Federal courts possess only the power to adjudicate cases that are authorized by the United States Constitution and federal statutes. Gunn v. Minton, 568 U.S. 251, 256 (2013). It is presumed that the federal court lacks subject-matter jurisdiction and it is the plaintiff's burden of proof to establish jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Subject-matter jurisdiction can never be waived or forfeited. Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). Courts are obligated to consider subject-matter jurisdiction sua sponte. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

In evaluating subject-matter jurisdiction, the district court is not confined by the allegations in the complaint, but it may consider other facts and evidence and need not assume the truthfulness of the allegations. Americopters, LLC v. FAA, 441 F.3d 726, 732 n.4 (9th Cir. 2006).

It is well-established that in assessing diversity jurisdiction, courts look to the real parties to the controversy. Lewis v. Clarke, 581 U.S. 155, 167 (2017). The citizens upon whose diversity a plaintiff grounds jurisdiction must be the real and substantial parties to the controversy. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). Complete diversity cannot be circumvented by omitting a nondiverse indispensable party from the complaint. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 565 (2005); see 28 U.S.C. § 1367(b).

## II.   Subject-Matter Jurisdiction And Fed. R. Civ. P. 19

Complete diversity is also required between those parties whose joinder is required pursuant to Fed. R. Civ. P. 19. Exxon Mobil Corp., 545 U.S. at 565.

Federal Rule of Civil Procedure 19 provides:

> **(a)   Persons Required to Be Joined if Feasible**.
>
> > (1)   **Required Party**.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest....
>
> **(b) When Joinder Is Not Feasible**. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed....

The evaluation of joinder of required parties is governed by Federal Rule of Civil Procedure 19. <u>Confederated Tribes of Chehalis Indian Rsrv. v. Lujan</u>, 928 F.2d 1496, 1498 (9th Cir. 1991).

### III. Plaintiffs Have Failed To Establish Subject-Matter Jurisdiction

In order for the Court to have subject-matter jurisdiction over this action, complete diversity is required not only between Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger and Defendant Exyte Energy, Inc. as named in the Complaint, but any parties whose joinder is required pursuant to Fed. R. Civ. P. 19. <u>Exxon</u>

7

Mobil Corp., 545 U.S. at 565.

The Court must first determine whether the following absent parties are "required" or "necessary" to the action pursuant to Fed. R. Civ. P. 19(a):

(1) Sun Financial, LLC;

(2) Bay4 Energy Services, LLC;

(3) SSA Solar HI 2, LLC; and

(4) SSA Solar HI 3, LLC.

There are concerns in this case about the possibility of jurisdictional manipulation and it is appropriate for the Court to inquire into the existence of alter-ego relationships for purposes of subject-matter jurisdiction. 3123 SMB LLC v. Horn, 880 F.3d 461, 466, 470-71 (9th Cir. 2018).

On February 14, 2025, Plaintiffs were ordered to provide additional briefing and evidence as to the four non-named entities in order to establish subject-matter jurisdiction. (ECF No. 117).

Plaintiffs' Response has not established subject-matter jurisdiction by a preponderance of the evidence. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). Rather, Plaintiffs' brief merely argues that "Plaintiffs had no relevant affiliation with SunFi or Bay4 because those entities had been acquired by highly-sophisticated third parties months or years before the Arbitration was initiated" and "the SSA Entities, although they

8

remain affiliated with Plaintiffs, cannot be necessary or indispensable under Rule 19 because, having signed the Agreements, they do not dispute that they must arbitrate with Exyte" and "due to the lack of complete information about the feasibility of joining the Non-Parties, the Court can and should assume it would be infeasible to join them."  (Pl.'s Mar. 17, 2025 Brief at p. 7, ECF No. 119).

Plaintiffs' ignore their burden to establish subject-matter jurisdiction.

As Defendant points out, Plaintiffs' submission "fails to provide the Court with the information the Court requested. Plaintiffs fail to provide any pertinent information concerning Plaintiffs' 'history of business dealings' with the Affiliated Entities, and provide minimal and incomplete information concerning their citizenship after purported sales/acquisitions of Bay 4 and Sun in 2020 and 2022, respectively."  (Def.'s Apr. 17, 2025 Brief at pp. 4-5, ECF No. 122).

>     A.   **The Court Cannot Evaluate Subject-Matter Jurisdiction Without Evidence As To Plaintiffs' Relationship With Sun Financial, LLC; Bay4 Energy Services, LLC; SSA Solar of HI 2, LLC; and SSA Solar of HI 3, LLC**

Plaintiffs were ordered to provide evidence as to Plaintiffs' history of business dealings with the entities, their prior and/or current ownership interest in the entities, and any other information relevant to the Rule 19 and subject-matter

9

jurisdiction analysis as to the joinder of these Parties including the Parties' acquisition, successor liability, alter-ego, and/or other affiliation with the entities.

Plaintiffs have failed to do so.

### B. The Court Cannot Evaluate Subject-Matter Jurisdiction Without Evidence As To The Citizenship And Organizational Structure Of Sun Financial, LLC; Bay4 Energy Services, LLC; SSA Solar of HI 2, LLC; and SSA Solar of HI 3, LLC

Defendant represents that it made discovery requests from Plaintiffs based on the Court's order for additional briefing, and Plaintiffs "refused to answer a single interrogatory and likewise refused to search for and produce a single document." (Def.'s Response at p. 13, ECF No. 122).

Plaintiffs must establish the citizenship of every member of Sun Financial, LLC; Bay4 Energy Services, LLC; SSA Solar of HI 2, LLC; and SSA Solar of HI 3, LLC, including their submembers in order to meet their burden to establish that the Court has subject-matter jurisdiction. See Kokkonen, 511 U.S. at 377. The presumption is against jurisdiction and any doubt against the existence of jurisdiction is resolved against finding subject-matter jurisdiction. Sports Shinko Co., Ltd. v. QK Hotel, LLC, 486 F.Supp.2d 1168, 1172-73 (D. Haw. 2007).

Plaintiffs are **ORDERED TO SHOW CAUSE** why the case should not be dismissed for lack of subject-matter jurisdiction and failure

10

to comply with Court orders.

    Plaintiffs shall file their Response on or before Monday, July 28, 2025.

    Defendant shall file its Response on or before Monday, August 11, 2025.

    IT IS SO ORDERED.

    DATED: June 18, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Kenyon Energy, LLC; Clay M. Biddinger v. Exyte Energy, Inc., Civ No. 22-00534 HG-RT, **ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED**