IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KENYON ENERGY, LLC; CLAY M. BIDDINGER, | ) ) ) | CIV. NO. 22-00534 HG-RT |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| EXYTE ENERGY, INC., | ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

**ORDER DISMISSING THE CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION**

Plaintiffs Kenyon Energy, LLC ("Kenyon") and Clay M. Biddinger, individually, filed a Complaint in this Court against Defendant Exyte Energy, Inc. ("Exyte") for declaratory and injunctive relief. The case is brought to end an arbitration brought by Defendant Exyte that includes Plaintiffs and four other entities involved in solar projects on the island of Maui.

Plaintiffs Kenyon and Clay M. Biddinger allege that the Court has subject-matter jurisdiction over the matter pursuant to diversity jurisdiction, 28 U.S.C. § 1332.

The Court has made multiple requests for briefing on subject-matter jurisdiction. The pleadings raised questions about four separate limited liability companies. The Court has asked if: (1) Sun Financial, LLC; (2) Bay4 Energy Services, LLC; (3) SSA Solar of HI 2, LLC; and (4) SSA Solar of HI 3, LLC are

1

necessary parties to the case because the question is relevant to whether the Court has subject-matter jurisdiction based on diversity.

Plaintiffs Kenyon and Clay M. Biddinger, despite four opportunities, have not established subject-matter jurisdiction.

Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE.**

## PROCEDURAL HISTORY

On December 23, 2022, Plaintiffs Kenyon Energy and Clay Biddinger filed the Complaint. (ECF No. 1).

On June 14, 2024, Defendant Exyte Energy filed its MOTION TO COMPEL ARBITRATION and CONCISE STATEMENT OF FACTS. (ECF Nos. 69, 68).

On the same date, Plaintiffs Kenyon Energy and Clay Biddinger filed their MOTION FOR SUMMARY JUDGEMENT and CONCISE STATEMENT OF FACTS. (ECF Nos. 70, 71).

On September 19, 2024, the Court held a hearing where questions as to the necessary parties were raised. (ECF No. 105). The Parties' Motion for Summary Judgment and to Compel Arbitration were denied. (Id.)

On October 1, 2024, the Court issued an ORDER CONCERNING SUBJECT-MATTER JURISDICTION AND DENYING PLAINTIFFS KENYON ENERGY, LLC AND CLAY M. BIDDINGER'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT EXYTE ENERGY, INC.'S MOTION TO COMPEL

ARBITRATION (ECF No. 106).  The Court ordered additional briefing as to subject-matter jurisdiction and the application of Fed. R. Civ. P. 19.  (Id.)

On October 10, 2024, Plaintiffs submitted a request for extension of the briefing schedule in response to the Court's Order.  (ECF No. 107).

Also on October 10, 2024, Defendant Exyte Energy, Inc. filed a letter requesting clarification of the Minutes and Order from the Court.  (ECF No. 108).

On October 11, 2024, the Court granted the Plaintiffs' request for a continuance of the briefing schedule.  (ECF No. 109).  The Court also responded to Defendant's clarification request regarding the Court's inquiry into its citizenship. (Id.)

On November 1, 2024, the Parties filed their Responses to the Court's October 1, 2024 Order.  (ECF Nos. 110, 111).

On November 22, 2024, the Court issued another Minute Order requesting additional briefing.  (ECF No. 112).  The Court ordered Plaintiffs to respond to Defendant's arguments regarding Fed. R. Civ. P. 19 and to address the necessity of joining necessary parties based on the allegations in the Complaint for injunctive relief against any party proceeding in the pending arbitration.  (Id.)

On January 6, 2025, Defendant Exyte Energy, Inc. filed its

Response.  (ECF No. 113).

Also on January 6, 2025, Plaintiffs Kenyon Energy, LLC and Clay M. Biddinger filed their Response.  (ECF No. 114).

On February 14, 2025, the Court issued another Minute Order. The Court inquired about issues neither Party properly addressed relevant to the Fed. R. Civ. P. 19 standard in their January 6, 2025 briefings to the Court.  (ECF No. 117).

The Court ordered the Parties to brief Plaintiffs' relationship with the parties relevant to whether their joinder may be necessary to the litigation: Sun Financial, LLC; Bay4 Energy Services, LLC; SSA Solar of HI 2, LLC; and SSA Solar of HI 3, LLC.  (ECF No. 117).

The Court also ordered the Parties to brief the organizational structure of the potentially necessary parties to be joined, including the citizenship of the members of the LLCs at the time the lawsuit was filed and any successor entities to the parties.  (Id.)

On May 17, 2025, Plaintiffs filed their Response.  (ECF No. 119).

On April 17, 2025, Defendant filed its Response.  (ECF No. 122).

On June 18, 2025, the Court issued an ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED.  The Court required the Plaintiffs to respond to the issues raised as to their burden to

4

establish subject-matter jurisdiction.  (ECF No. 123).

On July 28, 2025, Plaintiffs filed their Response to the Order to Show Cause.  (ECF No. 124).

On August 11, 2025, Defendant filed its Response.  (ECF No. 126).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Federal courts possess only the power to adjudicate cases that are authorized by the United States Constitution and federal statutes.  Gunn v. Minton, 568 U.S. 251, 256 (2013).  It is presumed that the federal court lacks subject-matter jurisdiction and it is the plaintiff's burden of proof to establish jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Subject-matter jurisdiction can never be waived or forfeited.  Gonzalez v. Thaler, 565 U.S. 134, 141 (2012).  Courts are obligated to consider subject-matter jurisdiction sua sponte.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

In evaluating subject-matter jurisdiction, the district court is not confined by the allegations in the complaint, but it may consider other facts and evidence and need not assume the truthfulness of the allegations.  Americopters, LLC v. FAA, 441

5

F.3d 726, 732 n.4 (9th Cir. 2006).

It is well-established that in assessing diversity jurisdiction, courts look to the real parties to the controversy. Lewis v. Clarke, 581 U.S. 155, 167 (2017). The citizens upon whose diversity a plaintiff grounds jurisdiction must be the real and substantial parties to the controversy. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). Complete diversity cannot be circumvented by omitting a nondiverse indispensable party from the complaint. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 565 (2005); see 28 U.S.C. § 1367(b).

Complete diversity must also be established between those parties whose joinder is required. Exxon Mobil Corp., 545 U.S. at 565. The evaluation of joinder of required parties is governed by Federal Rule of Civil Procedure 19. Confederated Tribes of Chehalis Indian Rsrv. v. Lujan, 928 F.2d 1496, 1498 (9th Cir. 1991).

Federal Rule of Civil Procedure 19 provides:

> **(a)  Persons Required to Be Joined if Feasible.**
>
> (1)  **Required Party.**  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
> (B)  that person claims an interest relating to the subject of the action and is so situated that

6

disposing of the action in the
person's absence may:

(i) as a practical matter impair
or impede the person's ability
to protect the interest; or

(ii) leave an existing party
subject to a substantial risk
of incurring double, multiple,
or otherwise inconsistent
obligations because of the
interest....

**(b)** **When Joinder Is Not Feasible.** If a person
who is required to be joined if feasible
cannot be joined, the court must determine
whether, in equity and good conscience, the
action should proceed among the existing
parties or should be dismissed....

## ANALYSIS

## I.  The Complaint Does Not Contain A Federal Question

Pursuant to the Declaratory Judgment Act, federal courts may
declare the rights and other legal relations of any interested
party seeking such declaration.  28 U.S.C. § 2201(a).  A private
lawsuit seeking federal declaratory relief must first present an
actual case or controversy within the meaning of Article III,
Section 2 of the United States Constitution, and requires the
statutory prerequisite of either federal question jurisdiction or
diversity jurisdiction to be present.  Gov't Emps. Ins. Co. v.
Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

The case before the Court here requests a Declaratory
Judgment regarding arbitration agreements.

7

Federal courts are courts of limited jurisdiction. Unlike state courts, federal courts have no inherent or general subject-matter jurisdiction and can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e., those involving diversity of citizenship, a federal question, or to which the United States is a party. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

Federal courts are presumptively without jurisdiction over civil actions unless the party asserting jurisdiction meets its burden to prove subject-matter jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

There is no federal question presented in the Complaint. Rather, Plaintiffs assert there is subject-matter jurisdiction on the basis of diversity jurisdiction.

## II. Plaintiffs Have Not Established Diversity Jurisdiction

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

The basic requirement in diversity jurisdiction cases is that all plaintiffs have to be of different citizenship from all defendants. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006). The presence of a single plaintiff from the

8

same State as a single defendant deprives the court of subject-matter jurisdiction based on diversity.  Id.

Diversity jurisdiction cannot be created artificially by failing to name real parties to the controversy or indispensable parties in a complaint.  Navarro Sav Ass'n, 446 U.S. at 460-62; see Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minn., 753 F.Supp. 1516, 1526 (D. Nev. 1990).  Courts have a duty to ensure there is subject-matter jurisdiction and "must be alert to the possibility of jurisdictional manipulation." 3123 SMB LLC v. Horn, 880 F.3d 461, 466, 470-71 (9th Cir. 2018); see Fed. R. Civ. P. 12(h)(3); Hertz Corp. v. Friend, 559 U.S. 77, 97 (2010) (explaining that courts may ignore pleadings from the parties when the record reveals attempts at jurisdictional manipulation).

### A.   The Development Of Two Solar Projects On Maui

####     1.   Plaintiff Clay M. Biddinger's Involvement In The Development Of The Solar Projects On Maui

Defendant Exyte Energy, Inc. ("Exyte") asserts that at the time of the solar projects at issue in this case, Plaintiff Clay M. Biddinger was the Chairman and CEO of Sun Financial, LLC ("Sun Financial").  (Def.'s Concise Statement of Facts at ¶ 7, ECF No. 68).

According to Defendant Exyte, Sun Financial is a limited liability corporate entity that utilized different legal entities to identify, set up, and manage two solar projects on the island

of Maui, one in Lahaina and one in Kihei.  (<u>Id.</u> at ¶¶ 6-10).

### 2.  <u>Plaintiff Kenyon Energy, LLC</u>'s Involvement In The Solar Projects On Maui

According to Defendant Exyte, Plaintiff Kenyon Energy, LLC ("Kenyon") was used by Sun Financial to set up and manage its solar projects on Maui.  (Def.'s CSF at ¶¶ 2, 11, 13-14, 22-23, 31-35, ECF No. 68).

Defendant Exyte alleges that Plaintiff Kenyon was managed by Plaintiff Biddinger, and that he, his family, and their related entities were majority owners of Plaintiff Kenyon.  (<u>Id.</u> at ¶¶ 7, 18).

### 3.  <u>Sun Financial, LLC</u> Created <u>Two Special Purpose Subsidiaries</u> to Own The Solar Projects on Maui

Sun Financial created two special purpose subsidiaries to own the Lahaina and Kihei solar projects on Maui.  (<u>Id.</u> at ¶¶ 6, 8-10, 12).

The special purpose subsidiary for the Lahaina project was named SSA Solar of HI 2, LLC ("SSA 2").  (<u>Id.</u> at ¶¶ 1-2).

The special purpose subsidiary for the Kihei project was named SSA Solar of HI 3, LLC ("SSA 3").  (<u>Id.</u>)

Plaintiff Clay Biddinger, the CEO and Chairman of Sun Financial, was the sole member of both SSA 2 and SSA 3.  (<u>Id.</u> at ¶¶ 6, 9-10).

**4.    Bay4 Energy Services, LLC's Involvement In The Solar Projects On Maui**

According to Defendant Exyte, Bay4 Energy Services, LLC ("Bay4") was another entity affiliated with and/or controlled by Plaintiff Clay Biddinger.  Defendant Exyte claims Bay4 worked with Plaintiff Kenyon to manage, oversee, and direct the two special purpose subsidiaries and the solar projects on Maui. (Id. at ¶¶ 7, 11, 13, 20-21, 23-24, 28-29, 33).

**B.    Dispute Surrounding The Solar Projects On Maui**

Defendant Exyte agreed to design and construct the solar generation projects on Maui.

Defendant Exyte asserts that Plaintiff Kenyon negotiated the two agreements on behalf of SSA 2 and SSA 3, but Plaintiff Kenyon did not sign the agreements.

Plaintiff Clay M. Biddinger, on behalf of both SSA 2 and SSA 3, signed the agreements with Defendant Exyte.

A contract dispute arose regarding Defendant Exyte's performance under the terms of the agreements.

On November 18, 2022, Defendant Exyte sought to resolve the dispute by making a demand for arbitration.  Defendant Exyte moved to include in the arbitration both the special purpose subsidiaries as signatories (SSA 2 and SSA 3) as well as four other parties: (1) Plaintiff Kenyon; (2) Plaintiff Biddinger; and

11

(3) Sun Financial; and (4) Bay4.

### C. Plaintiffs Kenyon And Biddinger's Complaint And Request For Relief Before The Court

In their Complaint before this Court, Plaintiffs Kenyon and Biddinger seek to halt the arbitration initiated by Defendant Exyte pursuant to the rules of Dispute Prevention & Resolution Inc. in Honolulu, Hawaii.

Plaintiffs Kenyon and Clay M. Biddinger seek a declaratory judgment from this Court. Plaintiffs Kenyon and Clay M. Biddinger ask this Court to rule that they are not subject to the arbitration proceeding initiated by Defendant Exyte.

There are four additional entities included as parties to the arbitration initiated by Defendant Exyte: (1) Sun Financial; (2) Bay4; (3) SSA 2; and (4) SSA 3.

None of the four additional entities are named in the lawsuit before the Court.

### D. Questions As To The Relationship Between The Named Entities And Their Participation In Both The Arbitration And This Case

The Court raised the question of subject-matter jurisdiction given the allegations of overlap in ownership, interest, management, and control of the various entities which are raised in the Motion for Summary Judgment and in the Complaint.

The Court questioned if the four entities that are parties

to the arbitration (but not named as parties in this case) are
necessary to the lawsuit here especially given the relief
requested in the Complaint.

Plaintiffs Kenyon and Clay M. Biddinger are seeking
injunctive relief on behalf of "any party" subject to the Dispute
Prevention & Resolution Inc. Arbitration.  According to the
Complaint, Plaintiffs seek a ruling "preliminarily and
permanently enjoining Exyte from...proceeding with the DPR
Arbitration as against **any party**...."  (Complaint at p. 19, ECF
No. 1) (emphasis added).

Defendant Exyte raised a factual challenge to subject-matter
jurisdiction.  Defendant Exyte argues that Plaintiffs Kenyon and
Biddinger have failed to establish subject-matter jurisdiction
because they omitted the real parties at interest in the case.
Defendant argues that "[Plaintiffs] Biddinger and/or Kenyon
controlled Bay4 and Sun [Financial] and the SSA Entities (the
signatories to the Agreements) at all relevant times."  (Def.'s
Jan. 6, 2025 Brief at p. 9, ECF No. 113).  Defendant Exyte
requested discovery from Plaintiffs Kenyon and Biddinger
regarding their affiliation with the entities and the
jurisdictional questions raised by the Court.  Plaintiffs Kenyon
and Biddinger refused Defendant Exyte's discovery requests.

The Court has not received sufficient information as to the
four entities' ownership, management, interest, or relationships

13

during the relevant time period that is subject to the
arbitration and to the dispute before the Court.

Plaintiffs Kenyon and Biddinger admit that they have had
affiliation in the past with the four entities but have declined
to provide any information to the Court about the nature of their
affiliation. (Pl.'s July 28, 2025 Brief at pp. 4-5, ECF No. 124;
Def.'s August 11, 2025 Brief at pp. 5-6, ECF No. 126).

### E.   There Is Insufficient Information To Establish Subject-Matter Jurisdiction Based On Diversity

Complete diversity is required not only between Plaintiffs
and Defendants named in the Complaint but also between those
whose joinder is indispensable pursuant to Fed. R. Civ. P. 19.
Exxon Mobil Corp., 545 U.S. at 562.  Complete diversity cannot be
circumvented by omitting a nondiverse indispensable party from
the complaint.  Id.

The District Court is not confined by the allegations in the
complaint in evaluating subject-matter jurisdiction when there is
a factual challenge to jurisdiction.  Americopters, LLC v. FAA,
441 F.3d 726, 732 n.4 (9th Cir. 2006).  In a factual attack on
subject-matter jurisdiction, no presumptive truthfulness attaches
to a complaint's allegations.  See White v. Lee, 227 F.3d 1214,
1242 (9th Cir. 2000).

The Court has not been able to conduct a proper subject-matter jurisdiction analysis in this case without the requested

14

evidence and information regarding the four entities: (1) Sun
Financial; (2) Bay4; (3) SSA 2; and (4) SSA 3.

Given the factual challenges to subject-matter jurisdiction,
the burden is on Plaintiffs to furnish evidence to satisfy their
burden of establishing subject-matter jurisdiction.  Colwell v.
Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir.
2009).  Plaintiffs' failure to present suitable evidence to
establish subject-matter jurisdiction necessitates dismissal.
Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th
Cir. 2011); see also Lew v. Moss, 797 F.2d 747, 749 (9th Cir.
1986).

The Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for
lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3);
Pistor v. Garcia, 791 F.3d 1104, 1111 (9th Cir. 2015) (explaining
that the court is required to dismiss the complaint, even sua
sponte if necessary, if the court lacks subject-matter
jurisdiction over the matter).

## III. The Court Declines To Impose Monetary Sanctions As Requested By Defendant

Defendant Exyte requests in its August 11, 2025 pleading
that the Court allow Defendant to file a motion for monetary
sanctions or for the Court to sua sponte issue monetary sanctions
pursuant to either Fed. R. Civ. P. Rule 11 or 28 U.S.C. § 1927.
(Def.'s Brief at pp. 18-19, ECF No. 126).

15

Cases warranting the imposition of monetary sanctions are rare and the exception.  Pathward Nat'l Assoc. v. Dot Dot Smile, LLC, 2025 WL 1718081, *9-*10 (C.D. Cal. Apr. 10, 2025) (citing Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)).  Monetary sanctions pursuant to Fed. R. Civ. P. 11 are generally imposed as an extraordinary remedy to sanction an attorney for filing frivolous and baseless claims.  In re Keegan Mngm't Co., 78 F.3d 431, 437 (9th Cir. 1996).

The Court declines to impose monetary sanctions against Plaintiffs pursuant to Fed. R. Civ. P. 11 or 28 U.S.C. § 1927.

## **CONCLUSION**

The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is **ORDERED** to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: October 23, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Kenyon Energy, LLC; Clay M. Biddinger v. Exyte Energy, Inc., Civ No. 22-00534 HG-RT, **ORDER DISMISSING THE CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION**
16